IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Criminal Action No. 5:00-CR-32

SAMUEL PETER LORELLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

### I. Introduction

This matter comes before the Court on Defendant, Samuel Peter Lorello's, Motion for Return of Property filed on September 29, 2008.[1] The Court held an evidentiary hearing and argument on Defendant's Motion on September 17, 2010. The United States of America (hereinafter "USA") appeared by Robert H. McWilliams, Jr., Esq., in person. Defendant appeared by telephone and by counsel, Scott C. Brown, Esq., in person. The testimony of Special Agent Mark Simala and Defendant, Samuel Peter Lorello was taken. Both the USA and Defendant made a proffer to the Court. No other testimony was taken nor was any other evidence adduced.

A.     Background

Defendant, Samuel Peter Lorello, is the first-named Defendant in a one-count indictment charging him with knowingly and willfully conspiring with others to distribute a mixture and substance of cocaine in violation of 21 U.S.C.. §§ 846 and 841(b)(1)(C). Defendant requests the return of certain personal items Defendant alleges were taken from him on the day he was

---

[1] Dkt. No. 173.

arrested, October 22, 2000.

B. The Motion

1. Defendant's Motion for Return of Property.[2]

C. Decision

Defendant's Motion for Return of Property is **DENIED** because Defendant did not file his Motion within the six year statute of limitations period.

## II. FACTS

1. On September 29, 2008, Defendant filed a Letter Motion for Return of Property.[3]

2. The USA filed its Response to Defendant's Motion for Return of Property on April 13, 2010, as well as, an Additional Response on May 7, 2010.[4]

3. This Court set the evidentiary hearing and argument on Defendant's Motion for August 31, 2010.[5]

4. On August 26, 2010, Defendant filed a Motion to Continue the Evidentiary Hearing which was granted on August 27, 2010.[6]

5. The evidentiary hearing and argument was held on September 17, 2010.

---

[2] Dkt. No. 173.
The Court construes Defendant's "Letter of Protest" as a Motion for Return of Property under Fed. R. Crim. P. 41(g). See UGJR Invs. Inc., v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education.").

[3] Dkt. No. 173.

[4] Dkt. Nos. 187 & 188, respectively.

[5] Dkt. No. 189.

[6] Dkt. Nos. 193 & 194, respectively.

## III. DEFENDANT'S MOTION FOR RETURN OF PROPERTY

A. Contentions of the Parties

In support of his Motion, Defendant contends several personal items were confiscated in October of 2000 when he was arrested. Defendant moves this Court to enter an Order requiring the return of the items taken. See Def.'s Mot. (Dkt. 173).

In opposition to Defendant's Motion, the USA contends "[n]one of the pleadings, particularly the government's exhibit list, contain any reference to the physical items the defendant now seeks to be returned to him. Moreover, in the 71 pages of 'Bates-numbered' discovery, there is no reference to the physical items the defendant now seeks to be returned to him." See USA's Additional Resp., Pg. 1 (Dkt. 188). The USA asserts "the government does not have any evidence that it ever had possession of the items defendant seeks to be returned to him, and even if it did, such items cannot be located now." Id. at 2. It suggests Clymore v. United States, 164 F.3d 569 (10th Cir. 1999), to the Court for several propositions; First, to argue the Court lacks jurisdiction to order the return of Defendant's property. Second, to stress Defendant cannot show irreparable harm due to the confiscation of his property. The USA ultimately asserts these grounds as a sufficient basis for the Court to deny Defendant's Motion.

B. Discussion

Motions for return of property are governed by Federal Rule of Criminal Procedure 41(g). The rule, in relevant part, provides "[a] person aggrieved by an unlawful search and seizure of property...may move for the property's return...in the district where the property was seized. Fed. R. Crim. P. 41(g). Where the search and seizure in question is found to be constitutionally valid, and therefore not "unlawful," the Rule 41(g) remedy is unavailable.

3

United States v. Sweeney, 688 F.2d 1131, 1132 (7th Cir. 1982). The burden is on the movant to make specific factual allegations of illegality. See United States v. De La Fuente, 548 F.2d 528 (5th Cir. 1977). Where, as here, the movant "invokes Fed. R. Crim. P. 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "A court sitting in equity has jurisdiction to order money damages if it cannot effect return of the specific property at issue." United States v. Minor, 228 F.3d 352, 355 (4th Cir. 2000). Cf. United States v. Jones, 225 F.3d 468 (4th Cir. 2000) (holding sovereign immunity deprives courts of jurisdiction to award monetary damages in lieu of destroyed property in [Rule 41(g)] action); United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2000) (Rule 41(g) waives sovereign immunity to allow return of property, it is not waived to allow monetary damages); Jaramillo-Gonzalez v. United States, No. 09-11183, 2010 U.S. App. LEXIS 21647, *7, (5th Cir. 2010). "For an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government." Id. at 974. The government must then establish a legitimate reason to retain the property. See United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005). "[O]nce a *Rule 41(g)* movant alleges that property was seized from his home and the government disputes this fact, the district court must at a minimum afford the movant an opportunity to present evidence in support of his claims." United States v. Melquiades, No. 10-10380, 2010 U.S. App. LEXIS 17859, *7 (11th Cir. Aug. 24, 2010). "Motions raised under Fed. R. Crim. P. 41(g) after criminal proceedings...have concluded are subject to a six-year statute of limitations." United States v. Sims, 376 F.3d 705, 708-709 (7th Cir. 2004).

Here, Defendant Lorello was sentenced and judgment was entered on September 27,

4

2001. See Dkt. 116. Defendant's Motion for Return of Property was filed September 29, 2008 which is outside of the six year statutory period. See Dkt. 173. Accordingly, Defendant's Motion is time-barred.

C.     Decision

Defendant's Motion for Return of Property is **DENIED** because Defendant did not file his Motion within the six year statute of limitations period.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: May 11, 2011                    /s/ *James E. Seibert*
                                       JAMES E. SEIBERT
                                       UNITED STATES MAGISTRATE JUDGE